East'n District.
*April*, 1824.

ALLARD & AL.
*vs.*
LOBAU.

—◦◆◦—

### CROSS vs. RICHARDSON.

APPEAL from the parish court of the city of New Orleans.

PORTER, J. delivered the opinion of the court. This action appears to have originated in the improper conduct of a certain Stephen Wood, who was employed as a clerk by the plaintiff, and while in his service committed, it is alleged, various acts of malfeasance. The defendants' liability is charged on two grounds, in distinct and separate counts. *First*, a contract of warranty, by which he bound himself to the petitioner for the good conduct of Wood. And *second*, fraudulent and deceitful representations in regard to him, by reason of which the plaintiff took him into his service, and has suffered an injury equal to the sum of $3700.

The suit was commenced by attachment, Richardson being a non-resident of the state. The affidavit on which it issued is in the following words, "Ralph Cross made solemn

One suit may be brought on two different causes of action if they be not inconsistent.

An attachment lies in a case of damages.

The affidavit is sufficient, when it is so clear, positive, and certain, that it will support an indictment, if the facts be untrue.

oath that the facts set forth in the petition are all of them true, and that John Richardson is indebted to him, as therein set forth, in the sum of $3700."

The parish judge, on motion of counsel who appeared for defendant, set aside the attachment, and the plaintiff appealed.

Three grounds have been relied on before this court, in support of the decision of the judge below.

1. That the plaintiff has improperly joined in the same petition, distinct causes of action.

2. That the case is not such a one, as authorizes the issuing a writ of attachment.

3. That the affidavit is insufficient.

I. We do not think the plaintiff has improperly joined the two causes of action set forth in the petition; for, although different, they are not inconsistent with each other; as it does not follow, that because the defendant made a promise of warranty, he may not also be liable for deceitful and fraudulent representation. By our law, different actions, *not contrary* to each other, may be joined in the same petition. *En un libelo juntamente se pueden intentar muchas acciones diversos, no siendo contrarias unas de, otras. Curia*

*Phillip, p.* 1, *juicio civil libelo,* § 11, *no.* 8. *Febrero Par.* 2. *lib* 3, *cap.* 1, § 2, *no.* 69. *Par.* 3, *tit.* 7, *l.* 10.

East'nDistrict.
*April,* 1824.

CROSS
*vs.*
RICHARDSON.

II. The second position taken by the appellee's counsel, we consider equally as untenable, as that just disposed of. The act of 1817 in relation to our civil practice, provides, that in every case where the debt, *damages,* or demand, is ascertained and specific, an attachment may issue. It was correctly argued from the bar, that by the wording of the statute, some cases of damages were to be excluded, but then it is equally clear that some were intended to be included ; and we think this one of them. To require that the damages should be ascertained, and made specific by the act of the party sued, would be to render the words in the statute useless, for the moment this liquidation took place, they would cease to be *damages,* and become a *debt.* The act of assembly therefore, contemplated, that the sum due, should be settled by the oath of the plaintiff, in all those cases where he could ascertain it. And the cases in which he can do so, we should consider those, where the amount does not depend, on an opinion of the wrongs inflicted on his feelings, reputation, or person,

East'n District
April, 1824.

CROSS
vs.
RICHARDSON.

but on a knowledge of the injuries done to his property.

In the instance before us, the plaintiff swears that he intrusted the person for whom the plaintiff became responsible, with the management of his store, who spent and wasted a large portion of the money which he received, and sold a considerable quantity of goods that he failed to account for : and that by reason of these acts, the petitioner has sustained losses to the amount of $3700. We think this one of the cases, where the law contemplates the plaintiff can fix the sum due by his oath. If it be not, we are unable to see any other in which he could, and the decision that would hold this attachment bad, would be tantamount to declaring, that the act which authorizes this writ, when damages are sustained, could not be carried into effect.

III. No sound objection has been made to the affidavit, the alleged defect in which, is the third point made by the appellee. It contains a positive affirmation that the facts set forth in the petition are true : and that the defendant is indebted to the plaintiff in the sum of $3700, an affirmation not at all impaired by adding " as set forth in the petition," for if it had been

silent as to that fact, it would have been so understood; and if it had stated he was indebted in any other manner, it would have been a fatal defect, for the debt sued on must be the one sworn to. All that is necessary is, that the affidavit should be sufficiently clear, positive, and certain to sustain if false, an indictment for perjury. Here the amount is positively stated to be due in the petition, and the same amount is repeated in the oath made by the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that this case be remanded to the parish court, with direction to the judge to proceed herein according to law. The appellee paying the costs of this appeal.

*Ripley* for the plaintiff, *Strawbridge* for the defendant.